## Arder Bernstein, by his Father and Next Friend, Matthew Bernstein, Appellant, *v.* Bernard Ernst and Joseph Ernst.

*Negligence—Infant—Child run over by wagon.*

In an action by a boy ten years of age against the owner of a wagon to recover damages for personal injuries a verdict and judgment for defendants will be sustained where the evidence for the defendants, although contradicted, tended to show that the boy had been hanging on the tailboard of another wagon, and had suddenly darted from behind this wagon and ran against the step of defendant's wagon.

*Appeals—Assignments of error—Harmless error.*

Where a jury, in an accident case, on conflicting evidence, after being properly instructed, finds in favor of defendants, rejected questions as to the condition of the plaintiff, submitted to an expert witness, become immaterial, and will not be considered by the Supreme Court.

Argued Jan. 9, 1900. Appeal, No. 258, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1898, No. 1450, on verdict for defendants. Before GREEN, C. J., MCCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that plaintiff, a boy ten years old, was injured by defendants' wagon, near the corner of Fourth and Marriott streets in the city of Philadelphia, on February 25, 1898, about 4 o'clock in the afternoon.

Evidence for the defendants tended to show that plaintiff had been stealing a ride by hanging on the tailboard of a passing wagon, and that he darted suddenly from behind this wagon, and ran against the step of the defendants' wagon. This evidence was contradicted by the plaintiff's witnesses who stated that the boy was proceeding to walk with a companion across the street when he was run down by the wagon going at a high rate of speed.

James P. Mann, M. D., a witness for plaintiff, having qualified as an expert, was asked this question:

" Q. You have said that you heard the testimony of the wit-

nesses as to how these injuries were received by this boy. You have also heard the testimony of the family doctor, and the boy's mother, who stated that he was taken from the place where he was injured to the drug store, then put in the patrol wagon and taken to the Pennsylvania hospital; that he remained there in bed four or five days; that he was then carried home, and put to bed for ten or twelve weeks; that before this injury he was perfectly healthy, had no limp, and had none of this bladder trouble; that after a period of ten or twelve weeks he was able to get about and go to school; that he now limps; that during his sleep at night he is disturbed by the necessity for micturition; that he complains of pains in his head and hip, particularly in wet weather. Would you say that those injuries and those symptoms are the reasonable result of the injuries received by him on February 25, 1898?"

The question having been objected to by defendants, the court sustained the exception, and sealed a bill for plaintiff. [1]

The court also overruled the following questions which were asked the same witness:

"Q. What is it that causes this boy to suffer pain in that hip joint, particularly in bad weather, as he states?" [2]

"Q. Is the opinion that you are about to state based on the facts as you know them professionally in this case, as the result of your two examinations, and also your knowledge of similar cases gathered during a number of years of active practice in such cases?" [4]

"Q. If the condition was permanent with this boy, what effect would it have upon his earning power, his capacity to work?" [5]

"Q. Is this boy now in a condition that normal boys are in at his time of life?" [6]

"Q. What effect would this boy's condition have upon his capacity to do work and earn wages?" [7]

"Q. From your knowledge of your profession, the experience gained by you in your practice, your study and investigation, do you believe yourself competent to state this boy's present condition and the probable effect of that condition from now until he is twenty-one years of age, and, if he shall live so long, so far as will concern his comfort, pain and suffering, and capacity to do work and earn wages?" [10]

The court charged in part as follows:

[Now, having given you the general rules of law which are applicable, and having called your attention in a general way to the testimony, I think you will consider it and decide it better than if I read the testimony over to you, or endeavored to give you my recollections of the testimony; for, after all, the ultimate recollection of the testimony is with you twelve men. If you decide under the rules of law which I have given you that the defendants' account of the accident is correct, and that this little lad started from behind another wagon which he was holding on to, right into the wagon of the defendants, or one of the defendants, then, under the cases as they have been decided by the Supreme Court, the driver was not guilty of negligence, was guilty of no want of care under the circumstances; if you come to that conclusion your verdict should be for the defendants. Do not misunderstand me; I do not say your verdict should be for the plaintiff or defendants. I express no opinion about that; but if you believe the story of the defendants, as it was told, if you believe they told the truth, and that the little lad and his companion were hanging on, or had their hands on the tailboard of another wagon and darted from that in such a way against the wagon driven by one of these defendants and owned by the other, then the driver was not guilty of negligence; that is the law, and that is good common sense, for he would have had no opportunity to avoid the accident.] [25]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* among others were (1, 2, 4–7, 10) rulings on evidence, quoting the bill of exceptions; (25) above instruction, quoting it.

*Eugene Raymond*, for appellant.

*Richard P. White*, for appellee.

PER CURIAM, January 29, 1900:

This action was brought to recover damages occasioned by the negligence of the defendants. The question of the defend-

ants' alleged negligence was carefully and correctly submitted to the jury with instructions that the boy could not be held responsible for contributory negligence, and that if they found the defendants guilty of negligence which resulted in the plaintiff's injury the verdict should be for the plaintiff. There certainly was very contradictory evidence as to the facts and circumstances of the accident, and it was the duty of the jury to decide between the conflicting statements of the witnesses. On this subject also the jury was correctly instructed. They found a verdict for the defendants and thereby necessarily found that the defendants were not guilty of negligence, and by this verdict, the court below and this Court are bound. In this view of the case the rejected questions submitted to the expert witness become entirely immaterial. If there was no negligence of the defendants it does not matter what the condition of the plaintiff was. The assignments of error to portions of the charge and to the answers to points are not sustained. The court was not in error in what was said in this connection. The assignments of error are all dismissed.

Judgment affirmed.